```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

JESSE SMITH,                        )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )     Civil Action No. 09-644
                                    )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
          Defendant.                )


## O R D E R

AND NOW, this 17th day of March, 2010, upon consideration of Defendant's Motion for Summary Judgment (document No. 10) filed in the above captioned matter on October 2, 2009,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 8) filed in the above captioned matter on August 31, 2009,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. §405(g) in light of this Order.

I.      Background

On October 12, 2005, the Plaintiff, Jesse W. Smith, filed an application for Supplemental Security Income ("SSI") that is the subject of this appeal. (R. 13). This claim was denied initially and on appeal. Id. A hearing before an Administrative Law Judge ("ALJ") was held on September 28, 2007. Id. In a decision dated October 25, 2007, the ALJ denied benefits. Id. The Appeals Council denied the Plaintiff's request for review in a notice dated March 27, 2009. (R. 4). The Plaintiff filed a timely appeal before this Court on May 26, 2009, and the parties have filed cross motions for summary judgment.

II.     Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. §405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. §405(g)); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and

reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). "Nor is evidence substantial if it is overwhelmed by other evidence-particularly certain types of evidence (e.g., that offered by treating physicians)-or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy....'" Id. at 39 (quoting 42 U.S.C. §423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §416.920(c). An impairment or combination of impairments is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. §416.921. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §416.920(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform

his or her past relevant work. See 20 C.F.R. §416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §416.920(g). In making this determination, the ALJ should consider the claimant's RFC, his or her age, education, and past work experience. Id.

III.    The ALJ's Decision

The ALJ applied the five-step process described above to the Plaintiff's claim. At Step One, the ALJ found that the Plaintiff did not engage in substantial gainful activity since the date of his application. (R. 15). The ALJ determined, at Step Two, that the Plaintiff suffered from the serious impairments of coronary artery disease, non-insulin dependent diabetes mellitus, depression, post-traumatic stress disorder, and substance abuse disorder in partial remission. Id. At Step Three, the ALJ found that none of these impairments met the criteria for a listed impairment. (R. 16). At Step Four, the ALJ determined that the Plaintiff had the RFC to perform light work, but with a limited ability to perform push/pull activities with the lower extremities or to bend, stoop,

crouch, balance, climb, and walk on occasion and no ability to be exposed to unprotected heights or temperature extremes. (R. 21). The ALJ also found that the Plaintiff had no ability to deal with the public, adapt to frequent changes in work setting, or cope with stress in emergency situations, and could only have minimal interactions with peers and supervisors. Id. At Step Five, the ALJ concluded that, after hearing from a vocational expert and considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. 24-25). On the basis of this five-step analysis, the ALJ found that Plaintiff was not disabled. (R. 25-26).

IV.     Legal Analysis

The Plaintiff advances several arguments as to why the ALJ erred in making her determinations. Not all of these arguments have merit. However, the Court does find that the ALJ failed to support her assessment of the Plaintiff's mental impairments with sufficient evidence in the record or to explain her reasons for giving little weight to the conflicting report by the Plaintiff's treating psychiatrist, Dr. Julie Garbutt. The Court also finds that the ALJ failed to provide satisfactory evidentiary support for her determinations concerning the Plaintiff's RFC. The Court finds that the ALJ's determination is unsupported by substantial evidence, and

the Court, therefore, remands this matter for further consideration not inconsistent with this Order.

The ALJ determined that the Plaintiff's mental impairments resulted in a marked restriction in his ability to maintain social functioning and moderate difficulties in maintaining concentration persistence and pace. (R. 19). However, the ALJ points to no evidence in the record to support these determinations, other than an assessment by a non-examining agency psychologist. Id. The Plaintiff's treating psychiatrist, Dr. Garbutt, to the contrary, found that the Plaintiff was incapable of meeting competitive standards in a wide variety of functional areas. (R. 536-37). The ALJ's stated reasons for giving this report little weight were that "the scant clinical data [did] not show a level of severity that would be disabling" and that the opinion was "internally inconsistent and inconsistent with the other evidence of record." (R. 23). The ALJ, however, does not explain how Dr. Garbutt's report is internally inconsistent or how it conflicts with other evidence in the record. As a treating source, Dr. Garbutt's opinion is to be given controlling weight as long as it is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. In order to reject the opinion of a treating source, the ALJ must either establish that it is not

supported by proper diagnostic technique or identify other conflicting medical evidence in the record. The ALJ has failed to do either of these things. The ALJ has not provided enough explanation to allow the Court to judge whether or not her determinations enjoy the support of substantial evidence. The ALJ, on remand, is therefore instructed to identify the evidence in the record that supports her determinations concerning the severity of the Plaintiff's mental impairments and to provide legally sufficient reasons for discounting Dr. Garbutt's report or any other evidence which may conflict with such determinations.

The ALJ also determined that the Plaintiff had the residual capacity to perform light work and based her hypothetical question to the vocational expert ("VE") on this determination. R. 21, 24, 576-79). The Court, however, notes that all of the physicians who examined the Plaintiff after his most recent period of incarceration identified functional limitations, in different areas, that are incompatible with work at the full range of the light exertional level.[1]

---

[1] Light work is defined as:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs... "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or
> (continued...)

8

Plaintiff's treating physician, Dr. Robert Edwards, recommended that the Plaintiff should avoid lifting more than 10 pounds at a time, or "excessive" sitting or standing. (R. 531). A consulting physician, Dr. Randolph Peters, opined that the Plaintiff "could not reasonably be expected to do more than sedentary work". (R. 467). He assessed the Plaintiff as being unable to carry or lift any weight, except for a "lightly packed bag of groceries" and limited Plaintiff's ability to stand to less than two hours in an eight hour period. (R. 470). Another consultant, Dr. Jerome Lebovitz, assessed the Plaintiff as being able to stand for no more than one hour out of every eight, and to sit for no more than three, while finding the Plaintiff capable of lifting 20 pounds frequently and 25 pounds occasionally. (R. 521). These additional limitations identified by physicians who actually examined the Plaintiff were not included in the ALJ's determination of the Plaintiff's RFC or in the hypothetical question posed to the VE.

Since each of the physicians who examined the Plaintiff identified different limitations preventing the Plaintiff from performing the full range of light work, the ALJ may not be in error in nevertheless finding the Plaintiff capable of such work.

---

[1](...continued)
  walking, off and on, for a total of approximately 6 hours of an 8-hour workday.

SSR 83-10 at *5-*6.

However, to establish this, the ALJ would have had to offer detailed reasons as to why certain parts of each of the physicians' reports were being discounted and identify specific evidence from the record to support her conclusions.

The Plaintiff's treating psychiatrist, Dr. Garbutt, also identified functional limitations that the ALJ did not include in her RFC assessment. These limitations included an inability to deal with normal work stress, maintain regular attendance and punctuality, accept instructions, and respond appropriately to supervisors, with absences of four or more times per month because of mental impairments. (R. 536-37, 578-79). When the ALJ asked the VE about the effect of such limitations, the VE replied that these limitations would preclude all gainful employment. (R. 579). For the reasons set forth previously, the ALJ failed to properly explain how Dr. Garbutt's report conflicted with other evidence in the record or articulate other sufficient reasons why her opinion should be discounted as a whole or in part.

On remand, the ALJ is instructed to support her determinations concerning the Plaintiff's RFC with legally sufficient evidence from the record, as detailed above.

V.      Conclusion

Therefore, as detailed above, the ALJ is instructed on remand to support her determinations concerning the Plaintiff's mental impairments and his RFC with substantial evidence. This case

is hereby remanded for further consideration not inconsistent with this Order.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record